IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAURICE HARDY,
   *Petitioner,*

v.

UNITED STATES OF AMERICA,
   *Respondent.*

Civil No. ELH-14-3622
Criminal No. ELH-11-358

**MEMORANDUM**

Maurice Hardy, the self-represented petitioner, entered a plea of guilty on March 19, 2013, to conspiracy to distribute and possession with intent to distribute one kilogram of heroin, five kilograms or more of cocaine, and a quantity of cocaine base, in violation of 21 U.S.C. § 846. *See* ECF 306; ECF 309. The Plea Agreement (ECF 309) reflects that the plea was entered pursuant to Fed. R. Crim. P. 11(c)(1)(C) (*id.* ¶ 5), in which the parties agreed to a sentence of 16 years' imprisonment (192 months). *Id.* ¶ 10. On May 14, 2013, in accordance with the Plea Agreement, Hardy was sentenced to a term of imprisonment of 192 months. ECF 334; ECF 335; ECF 349.

Thereafter, Hardy noted an appeal to the Fourth Circuit. ECF 358. On February 25, 2014, the Fourth Circuit affirmed in part and dismissed in part. ECF 413. The mandate issued on March 19, 2014. ECF 418.

The post-appeal procedural history of this case is extensive. Hardy has submitted a potpourri of challenges (*see e.g.*, ECF 440; ECF 470; ECF 492); objections to routine motions (*see, e.g.*, ECF 503; 505); and other correspondence (*see, e.g.*, ECF 467; ECF 471; ECF 473).

Of relevance here, Hardy filed a petition pursuant to 28 U.S.C. § 2255 on November 17, 2014, claiming that he had received ineffective assistance of counsel from the two attorneys who

represented him at various times. ECF 440 ("First Petition"). The government filed an opposition on February 25, 2015 (ECF 447), with numerous exhibits.

On May 26, 2016, while the First Petition was pending, Hardy filed a Motion to Reduce Sentence under 18 U.S.C. § 3582. ECF 470. The government opposed that motion. ECF 474. Hardy replied on July 11, 2016. ECF 485.

I denied the Motion to Reduce Sentence by Order of July 12, 2016. ECF 486. My reasons are set forth in ECF 488. Hardy noted an appeal to the Fourth Circuit from my ruling. *See* ECF 488; ECF 489; ECF 490; ECF 491. By Memorandum and Order of September 16, 2016, I denied the First Petition. ECF 496; ECF 497. The docket does not reflect that Hardy filed an appeal from that ruling.

On August 8, 2016, while Hardy's First Petition was pending, Hardy filed a "Motion to Strike Indictment; Vacate Indictment, Conviction and Dismiss for Fraud on Court." ECF 492 ("Motion"). The Motion also includes exhibits. ECF 492-2 through ECF 492-5. The government filed its response on November 25, 2016 (ECF 507, "Opposition") and Hardy replied on December 12, 2016. ECF 509. For the reasons discussed, *infra*, I shall construe the Motion as a second petition under 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375, 381 (2003).

On November 10, 2016, Hardy also filed a "Motion to Rescind Improvidently Granted Order." ECF 505 ("Motion to Rescind"). The Motion to Rescind is rooted in the government's request on September 27, 2016, in ECF 499, for additional time in which to respond to the Motion. I granted the government's request by Order of September 28, 2016. ECF 500. However, my Order provided that Hardy could "move to rescind this Order as improvidently granted." *Id.*

On October 24, 2016, Hardy responded in opposition to the government's request for additional time. ECF 503. By Order of October 25, 2016 (ECF 504), I noted that I was satisfied that the government had shown good cause in requesting additional time, and I declined to rescind ECF 500. Then, on November 10, 2016, Hardy filed the "Motion to Rescind." ECF 505. In that motion, Hardy has asked me to rescind my Order of September 27, 2016 (ECF 500).

No hearing is necessary to resolve the motions. *See* Local Rule 105.6; 28 U.S.C. § 2255(b).[1] For the reasons stated below, I shall deny the Motion. *See* 28 U.S.C. § 2255(h); *see also United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003). And, for the reasons stated in ECF 504, which I incorporate here, I shall deny the Motion to Rescind.

## Discussion[2]

In the Motion, Hardy challenges his conviction on the grounds that the government "misrepresented to the grand jury and counsel for the defendant and this honorable court that the evidence against defendant was overwhelming . . . ." ECF 492 at 2. He maintains that he was advised to plead guilty "by an abandoned and cooperating with the Government Defense Counsel." *Id.* at 3. Curiously, Hardy argues that the government "conceded misconduct and fraud upon the Court" (*id.* at 1), apparently because the Staff Attorney's Office informed him that there is no "'Custody of Evidence Receipt'" on the docket. *Id.* at 3; *see* ECF 492-2. Hardy

---

[1] The Court is mindful of its obligation to construe liberally the pleadings of a pro se litigant, which are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989).

[2] To the extent relevant, I incorporate here the factual and procedural background set forth in my Memorandum addressing the First Petition. *See* ECF 496.

states: "The government admitted that it obtained a conviction in the above-captioned matter without any evidence to sustain a criminal conviction . . . ." ECF 492 at 1-2.[3]

Section 2255(a) of Title 28 of the United States Code provides relief to a prisoner in federal custody only on specific grounds: that the sentence was imposed in violation of the Constitution or laws of the United States; that the court was without jurisdiction to impose such a sentence; that the sentence was in excess of the maximum authorized by law; or that the sentence is otherwise subject to collateral attack. Section 2255(h) of 28 U.S.C. is also pertinent. It provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Therefore, a second or successive petition under § 2255 must be authorized by the appropriate appellate court. *See United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008).

Although Hardy has filed the Motion under the label "Motion to Strike Indictment; Vacate Indictment, Conviction and Dismiss for Fraud on Court," the title is not determinative. In my view, the substance of the submission constitutes a petition within the parameters of 28 U.S.C. § 2255. This construction is consistent with the practice of federal courts and the policy purposes of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132,

---

[3] The prosecutor has characterized Hardy's repeated attempts to repudiate his Plea Agreement, and his unfounded accusations of fraud, as "abusive, harassing and vexatious" (ECF 507 at 5) and has asked the Court to notify Hardy that "future abusive filings will result in consequences." *Id.*

110 Stat. 1214 (April 24, 1996) ("AEDPA"), which "imposed significant limitations on a prisoner's ability to file successive § 2255 motions." *United States v. Blackstock*, 513 F.3d 128, 131 (4th Cir. 2008).

As the Supreme Court stated in *Castro*, 540 U.S. at 381: "Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category." Here, Hardy attacks his conviction on the basis that the government perpetrated "fraud upon the Court." ECF 492 at 1. And, Hardy asks the Court to "strike indictment; vacate indictment, conviction and dismiss . . . ." *Id.* Therefore, based on the relief requested by the Motion, it is plainly appropriate to characterize Hardy's Motion as a petition under § 2255.

To be sure, the Fourth Circuit has said that not all second motions are "second" or "successive" for the purpose of § 2255(h). In *United States v. Hairston*, 754 F.3d 258, 261-62 (4th Cir. 2014), the Fourth Circuit determined that a motion should not be considered a successive petition under § 2255 if "the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated." *Id.* at 262. The Fourth Circuit concluded in *Hairston* that the petitioner's second § 2255 motion was not "successive" because his claim was not ripe at the time the first petition was filed. *Id.*

The claim that Hardy makes, however, was ripe well before Hardy filed his First Petition in November of 2014. *See* ECF 440. Hardy's claims implicate the facts underlying his plea agreement, which was signed in March 2013. ECF 309. That Hardy only inquired about the "Custody of Evidence Receipt" in May of 2016 is of no consequence, given that the claim was ripe and the evidence was available by the time Hardy filed his first petition. Accordingly, the Motion is "successive" within the context of § 2255(h).

Arguably, because the Motion was filed during the pendency of the First Petition, it could be construed as a supplement to the First Petition, rather than a successive petition. However, even if the Motion were meant as a supplement to the First Petition, it would be time-barred.

The Supreme Court said in *Clay v. United States*, 537 U.S. 522, 525 (2003): "For the purpose of starting the clock on § 2255's one-year limitation period . . . , a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." In this case, the Fourth Circuit issued its judgment in Hardy's direct appeal on February 25, 2014. ECF 413. Hardy then had ninety days to petition the Supreme Court for a writ of certiorari, *see* Sup. Ct. R. 13, which expired on May 26, 2014. Thus, Hardy was required to file the Motion no later than May 26, 2015.

Moreover, the Motion does not relate back to Hardy's timely-filed First Petition. As the government notes, "the instant motion added a new claim or theory to Hardy's original § 2255 motion," *i.e.*, the claim based on the lack of a "custody of evidence receipt." ECF 507 at 7-8. As the Supreme Court recognized in *Mayle v. Felix*, 545 U.S. 644 (2005), a claim only relates back when it arises "from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes." Here, Hardy's claims in the Motion present issues that do not arise from the "same core of facts" as his First Petition. *Id.* In the First Petition, Hardy claimed that he suffered ineffective assistance of counsel. ECF 440. However, Hardy claims in the Motion that the government perpetrated "fraud upon the court" by proceeding with a plea despite a lack of evidence. ECF 492 at 1-2. Because the Motion does not relate back to the First Petition, it is time-barred.

Notably, the Court need not provide notice to Hardy that it intends to construe his Motion as a § 2255 petition. In *Castro*, 540 U.S. at 383, the Supreme Court said that, before recharacterizing a pro se litigant's motion

> as a **first** § 2255 motion . . . , the district court must notify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has. (Emphasis added).

*See also Blackstock*, 513 F.3d at 135 (applying the Supreme Court's holding in *Castro*). However, neither *Castro* nor *Blackstock* apply here. This is not a situation in which the Court is construing a pro se litigant's motion as his "first § 2255 motion." *Castro*, 540 U.S. at 383. Rather, because Hardy has already filed a motion that was unambiguously a petition brought under § 2255 (ECF 440), the Motion is successive. Accordingly, Hardy need not be notified in advance of the Court's determination to construe the Motion under 28 U.S.C. § 2255. *See United States v. Joseph*, 455 Fed. App'x 341, 2011 WL 5925321 at **1 (4th Cir. 2011) ("Because [petitioner's] motion to reopen was not construed as his first § 2255 motion, *Castro's* holding is inapplicable. Joseph's prior § 2255 motion already restricted any second or successive motions . . . ."); *United States v. Sullivan*, No. CR 6:01-898-HMH, 2013 WL 12098813, at *1 (D.S.C. Sept. 27, 2013), *dismissed*, 563 F. App'x 245 (4th Cir. 2014); *Saeku v. United States*, No. 5:07-CR-304-BO, 2014 WL 11996375, at *1 (E.D.N.C. Jan. 27, 2014), *dismissed*, 580 Fed. App'x 195 (4th Cir. 2014), *cert. denied*, 135 S. Ct. 1516, (2015), *reh'g denied*, 135 S. Ct. 1891 (2015).

As noted, 28 U.S.C. § 2255(h) requires authorization by the appropriate appellate court for a second or successive petition. *See United States v. Poole*, 531 F.3d 263, 266 n.4 (4th Cir. 2008). However, Hardy has not filed a request for authorization from the United States Court of

Appeals for the Fourth Circuit. Therefore, the Motion has not been authorized. Accordingly, I shall deny Hardy's Motion, as the Court lacks jurisdiction to consider the petition. *See Winestock, supra*, 340 F.3d at 205 ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Unless a certificate of appealabilty ("COA") is issued, a petitioner may not appeal the court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).[4]

Because petitioner has not made a substantial showing of the denial of his constitutional rights, this court will not issue a COA. The Court will furnish a copy of the Fourth Circuit's form packet for seeking authorization for the filing of a successive habeas petitioned under 28 U.S.C. § 2244.

An Order follows.

Date:  December 16, 2016                              /s/
                                                     Ellen L. Hollander
                                                     United States District Judge

---

[4] The denial of a COA does not preclude a petitioner from seeking permission from the appellate court for a COA.